IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN TRAVIS MOLLIVER, | : |
|     Plaintiff | : |
|       v. | : Case No. 3:23-cv-82-KAP |
| ADAM INGRAM, *et al.*, | : |
|     Defendants | : |

<u>Memorandum Order</u>

The complaint is dismissed for failure to prosecute.

Plaintiff filed a complaint in May 2023 alleging that while he was a pretrial detainee at the Blair County Prison on January 29, 2022, he was subjected to an excessive use of force by a corrections officer (Stitt). Plaintiff's claim against that officer resulted in its own complaint and that matter, <u>Molliver v. Stitt</u>, Case No. 3:22-cv-146-KAP (W.D.Pa.) went to trial in May 2024. In this matter, plaintiff claims that to cover up that excessive use of force plaintiff was maliciously prosecuted for assault after a sham investigation by the local police department and that his attempts to obtain redress were obstructed by prison personnel who filed false reports about the incident.

The police defendants and the prison defendants have moved to dismiss, in part because as plaintiff informed the court on July 10, 2025, ECF no. 58, plaintiff pleaded *nolo contendere* to disorderly conduct for his conduct on January 29, 2022 at <u>Commonwealth v. Molliver</u>, Case no. CP-07-CR-327-2022 (C.P. Blair). I held a status conference by Zoom on July 31, 2025, advised the parties that I intended to treat the motion at ECF no. 62 and the then-prospective motion at ECF no. 68 as ones for summary judgment, and that plaintiff could respond to them by dates in August and September. Plaintiff also thought he might file a renewed motion for appointment of counsel. See ECF no. 67. The time to respond to the motions to dismiss has run without response, or motion for discovery, or motion for extension of time, or motion for counsel.

In <u>Poulis v. State Farm Fire and Casualty Co.</u>, 747 F.2d 863, 868 (3d Cir.1984) and <u>Hildebrand v. Allegheny County</u>, 923 F.3d 128, 132 (3d Cir. 2019), the Court of Appeals for the Third Circuit listed six factors to consider before imposing sanctions for failures to prosecute: (1) the party's personal responsibility; (2) prejudice to the adversary; (3) any history of delay; (4) whether the conduct at issue was willful or in bad faith; (5) the effectiveness of alternative sanctions; and (6) the merits of the claim.

Proceeding *pro se*, plaintiff is entirely responsible for conducting his own litigation. An inert piece of litigation does not threaten the adversary with judgment, but the costs of litigation to defendants are still there even when a *pro se* plaintiff "calls time

out." Pellow v. Presbyterian Homes, No. 3:23-cv-264-KAP, 2024 WL 4626504, at *1 (W.D. Pa. Oct. 30, 2024), *aff'd sub nom*. Pellow v. Presbyterian Homes, Inc., No. 24-3108, 2025 WL 2673612 (3d Cir. Sept. 18, 2025). There are no appropriate alternative sanctions (*i.e.*, financial penalties like costs and attorney's fees) with an indigent party.

Most importantly, there is no probable merit to any claim. While a plea in a related criminal prosecution is not a blanket barrier to all civil rights suits arising out of the same events, given the unopposed assertion by the defendants that plaintiff's entry of a plea at Commonwealth v. Molliver, Case no. CP-07-CR-327-2022 (C.P. Blair) is factually inconsistent with the claim that plaintiff was the victim of a sham prosecution by the defendant investigating police officer (Ingram), it is at least incumbent on plaintiff to explain what factual scenario showing that Ingram acted wrongfully is consistent with his plea. Plaintiff has not attempted to do so. *See* Victor v. Burns, No. 2:17-cv-984-KAP, 2025 WL 216307, at *2 (W.D. Pa. Jan. 16, 2025)("Nor is a district court required to imagine other what other exceptions to the preclusive effect of the criminal conviction might exist, because courts do not forage the record to make a case for a party.")

Plaintiff's theory of liability against the two individual prison defendants (Gabert and Dostal) seems to be that 1) Stitt used excessive force; 2) their reports and statements either denied this or did not acknowledge this; 3) therefore their reports, statements, and prison disciplinary sanctions against plaintiff were designed to prevent plaintiff from obtaining redress against Stitt. At the pleading stage the plausible nonconclusory allegations of the complaint are assumed to be true but at the summary judgment stage plaintiff fails to point to any evidence showing that any action by Gabert or Dostal in fact prevented him from pursuing a claim against Stitt. Since plaintiff's claim against Stitt actually went to trial it is doubtful that plaintiff can point to any such evidence.

Finally, there are fatal deficiencies to plaintiff's claims of liability against the municipal defendants (Borough of Hollidaysburg for the police defendants, Blair County Prison [*sic* in complaint, but clearly should be Blair County] for the prison defendants) that would result in the dismissal of claims under the Rule 12(b)(6). Municipal liability for a civil rights violation requires nonconclusory allegations the plaintiff's injuries were the result of a municipal custom or policy, that is either an official act of the prison administration or a practice throughout the prison "so persistent and widespread as to practically have the force of law." Posey v. Klinefelter, No. 3:24-cv-175-KAP, 2025 WL 1735703, at *3 (W.D. Pa. June 23, 2025), *citing* Connick v. Thompson, 563 U.S. 51, 60–61 (2011). None has been pleaded.

An additional basis for summary judgment related to the failure to prosecute doctrine is that plaintiff has defaulted any claim by not opposing defendants' motions. As I said in Thomas v. Martynuska, No. 3:20-cv-181-SLH-KAP, 2024 WL 1508600, at *3 (W.D. Pa. Feb. 23, 2024), *report and recommendation adopted on other grounds,* 2024

WL 1341107 (W.D. Pa. Mar. 29, 2024), *appeal dismissed,* 2024 WL 4723314 (3d Cir. Oct. 21, 2024), it has been a settled rule for decades, *see* Lunderstadt v. Colafella, 885 F.2d 66, 78 (3d Cir. 1989), and there is no special exception for persons proceeding *pro se*, that to preserve an argument (particularly one based on an issue of fact) a party must actually present it, and where appropriate the argument must be supported with citations to the authorities and the record. *See* Rowe v. Roberts, No. 21-1489, 2022 WL 964005, at *1 (3d Cir. Mar. 30, 2022), *cert. denied*, 143 S. Ct. 2439 (2023), *citing inter alia* Barna v. Bd. of Sch. Directors of Panther Valley Sch. Dist., 877 F.3d 136, 147 (3d Cir. 2017). *See also* Rufo v. Fox, No. 21-3318, 2022 WL 16646689, at *2 (3d Cir. Nov. 3, 2022).

This is a final appealable order. The Clerk shall mark this matter closed.

DATE: September 26, 2025

Keith A. Pesto,
United States Magistrate Judge

Notice to counsel by ECF and by U.S. Mail to:

John T. Molliver
259 Mill Road
Duncansville, PA 16635